AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 24-3380MB | 10/18/24 1031 | Left in residence on kitchen counter |

**Inventory Made in the Presence of:**
SA Mark Hangsleben

**Inventory of the property taken and name of any person(s) seized:**

1. iPad SN DMPSK8YLHGUR
2. Microsoft Surface Go2 Tablet, SN 029916101851 - Property of SUSD
3. Modified Traxxxxas RC car SN A5034426
4. Purple Colored Samsung Galaxy S9+ w/ Black Case IMEI 355420091311
5. Acer Laptop SNID 116004735223
6. Cracked Grey iPhone
7. Rose gold colored Maxwest cell phone
8. Grey in Color LG Cell phone
9. Custom Computer Motherboard, SN 23220X804815
10. Computer hard drive ZNIUGKF2
11. Acer Chrome laptop SN NXHBRAA003127180477611
12. Toshiba 2.0 GB SD Memory Card
13. 10 Maxwell DVD-RW Camcorder discs
14. Hydrogen Peroxide Solution USP 16 fl oz
15. Pure Acetone 16 FL OZ

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/18/24

_____
Executing officer's signature

Anndrea Love TFO
Printed name and title

AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>7410 West Vogel Avenue<br>PEORIA, ARIZONA 85345 | Case No. 24 - 3380 MB<br>(Filed Under Seal) |

## ELECTRONICALLY SUBMITTED SEARCH AND SEIZURE WARRANT

**SEALED**

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before October 31, 2024 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: October 17, 2024                M Morrissey
                                                      _____
                                                      *Judge's signature*

City and state: Phoenix, Arizona                      Honorable Michael T. Morrissey, U.S. Magistrate Judge
                                                      *Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is **7410 W Vogel Avenue, Peoria, AZ 85345** ("PREMISES") further described as a 3-bedroom, 2-bathroom, 1469 square footage, single-story family home, and all detached buildings, such as sheds or storage units, on the property. The search will involve all attached rooms, attics, basement, porches, locked containers, safes, and other parts therein, as well as the driveway, garage, storage rooms, sheds, storage lockers, yard, trash containers, vehicles, to include a 2016 Kia Optima, VIN 5XXGU4L34GG076586, bearing Arizona license plate ANEERJ, and a 2006 Cadillac SRX, VIN 1GYEE637360126276, bearing Arizona license plate PJA15V, and outbuildings on the property.

A picture of the residence is attached.



## ATTACHMENT B

*Property to be seized*

1.  All records and items relating to Conspiracy to Use a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2)(D), Providing Material Support to Terrorists, in violation of 18 U.S.C. § 2339A, Teaching or Demonstrating the Making of an Explosive, in violation of 18 U.S.C. § 842(p)(2)(A) or (B), and Conspiring to Detonate an Explosive in a Public Place, in violation of 18 U.S.C. § 2332f(a)(2) ("SUBJECT OFFENSES"), and involving John DOE and his co-conspirators to include:

    a. Property, records, items, or other information, related to violations of the SUBJECT OFFENSES, including but not limited to, bomb making material and equipment, ammunition, weapons, explosive material, and components of and precursors to explosive devices, and precursors used to make the explosive triacetone triperoxide ("TATP");

    b. Property, records, or other information related to the ordering, purchasing, manufacturing, storage, and transportation of explosives and explosive components, including but not limited to precursors used to make the explosive TATP;

    c. Property, records, or other information related to the ordering, purchasing, manufacturing, storage, transportation, and use of firearms by John DOE;

    d. Property, records, or information related to any plans to initiate or carry out any attacks inside or outside the United States, or any records or information related to any attacks;

    e. Property, records, or information related to Pride events in Phoenix, Arizona;

f. Any information or documents that relate to the planning and/or conspiring to injure, threaten or kill any person;

g. Any information or documents that relate to a foreign terrorist organization, to include ISIS;

h. Any evidence of John DOE and his co-conspirators conspiring to attack persons, a public place, or a public event, including but not limited to communications and documents, in any form, concerning attack planning, firearms, explosives, and training on using firearms or explosives;

i. Any communications constituting or evidencing the SUBJECT OFFENSES, including but not limited to communications with members of a terrorist organization;

j. Any evidence that can assist with identifying co-conspirators to the SUBJECT OFFENSES;

k. Any information related to the geographic location of co-conspirators;

l. Documents or other items containing passwords or other information for John DOE's computers and/or online accounts;

m. Any communications, records, receipts, or other paperwork concerning the purchase of materials for the making of an explosive;

n. Any and all weapons, firearms (registered or unregistered), and ammunition, to include any evidence that shows ownership, possession, and/or control over the firearms and ammunition;

o. An explosive and any materials utilized to construct an explosive;

p. Any remote-controlled aerial or ground vehicle, or parts thereof, that can be used to deliver an explosive;

q. Any information concerning the use of a remote-controlled aerial or ground vehicle to deliver an explosive;

r. Any photographs or videos that show John DOE or his co-conspirators teaching and/or making explosive material;

s. Any records and information related to "monkeymazen" on Social Media Platform 1, and UID 981652369311957023 on Social Media Platform 2.

t. Indicia of occupancy, residency, rental, or use of the PREMISES; and

u. All computers, storage media, or cellular telephones maintained, controlled, utilized, or possessed by John DOE, and located at PREMISES to be searched.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

45

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

3. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media

that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

**This warrant authorizes the seizure of any electronic device on the PREMISES. However, with respect to any electronic device, this warrant authorizes only the search of the electronic device if it is reasonably determined to have been maintained, controlled, utilized, or possessed by DOE.**

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of the Search of
7410 West Vogel Avenue
PEORIA, ARIZONA 85345.

Case No. 24-3380MB

**ORDER TO SEAL**

(Under Seal)

**SEALED**

Based upon the United States of America's Motion to Seal, and good cause appearing,

**IT IS HEREBY ORDERED** that the Application for a Search Warrant, the Affidavit and any attachments in support thereof, the Motion to Seal, and this Order, shall remain under seal for one year, unless extensions are granted by the Court.

**IT IS FURTHER ORDERED** that the Search Warrant and Return shall remain under seal until the search warrant is executed, or for one year, whichever occurs first.

DATED this 17th day of October 2024.

M Morrissey
HONORABLE MICHAEL T. MORRISSEY
United States Magistrate Judge